UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**COY LEONARD HILTON, JR.,**

    **Plaintiff,**

v.                                                                         **Case No:   6:14-cv-1339-Orl-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

_____

# MEMORANDUM OF DECISION

Coy Leonard Hilton, Jr. (the "Claimant") appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying his applications for disability insurance and supplemental security income benefits. Doc. No. 1. Claimant argues the Administrative Law Judge (the "ALJ") erred by: 1) not including all of his limitations in her residual functional capacity ("RFC") determination; and 2) relying on the vocational expert's ("VE") testimony in determining he is able to perform other jobs in the national economy. Doc. No. 21 at 4-8, 19-22. Claimant argues the matter should be reversed and remanded for further proceedings. *Id*. at 26. For the reasons set forth below, the Commissioner's final decision is **AFFIRMED**.

I.     <u>**STANDARD OF REVIEW**</u>.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67

F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II. ANALYSIS.

### A. RFC.

The record contains opinions from four (4) mental health professionals; Drs. Arthur Hamlin, Jennifer Meyer, William Austin, and Richard Gross. R. 71-73, 94-96, 482-84, 490-91. The ALJ weighed each of these medical opinions, and stated that she included the most restrictive limitations from Drs. Hamlin's, Meyer's, and Gross' opinions in her RFC determination. R. 23. On appeal, Claimant does not challenge the weight assigned to any of these opinions. *See* Doc. No. 21. Instead, Claimant maintains the ALJ, contrary to her assertion that she was including the most restrictive mental limitations in her RFC determination, did not do so, and thus the ALJ's decision is not supported by substantial evidence. *Id*. at 4-8. Therefore, Claimant's argument hinges on whether the ALJ, in fact, included the most restrictive limitations from Drs. Hamlin's, Meyer's, and Gross' opinions in her RFC determination.

At step four of the sequential evaluation process, the ALJ must determine a claimant's RFC and ability to do past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). The RFC is "an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). In evaluating the claimant's RFC, the ALJ considers the claimant's ability to "meet the physical, mental, sensory, and other requirements of work[.]" 20 C.F.R. §§ 404.1545(a)(4), 416.945(a)(4). The ALJ must consider all of the claimant's medically determinable impairments, even those not designated as severe. *Id*. §§ at 404.1545(a)(2), 416.945(a)(2).

On December 14, 2012, Dr. Austin conducted a one-time mental health examination of Claimant. R. 482-84. Dr. Austin diagnosed Claimant with Major Depressive Disorder, Recurrent, Moderate. R. 484. Dr. Austin opined Claimant's "[s]ocial functioning appears good based on reported positive interaction with same age peer group." *Id*. Dr. Austin also opined Claimant's "[f]unctional ability is mildly to moderately impaired based on symptoms of depression." *Id*. Dr. Austin offered no other opinions concerning Claimant's functional limitations. *See* R. 482-84.

On January 9, 2013, Dr. Hamlin, a non-examining state agency consultant, completed a Mental Residual Functional Capacity Assessment. R. 71-73. Dr. Hamlin opined Claimant is "capable of remembering work-like complex instructions." R. 73. Dr. Hamlin opined Claimant has "the ability to carry out instructions and make work-related decisions." *Id*. Dr. Hamlin opined Claimant "may have some difficulty interacting with peers and supervisors at times due to recurrent mild to moderate depression, but is able to cooperate and appropriately relate to others." *Id*. Dr. Hamlin also opined Claimant "appears to have the ability to respond appropriately to

changes in the work setting." *Id*.

On February 6, 2013, Dr. Meyer, a non-examining state agency consultant, completed a Mental Residual Functional Capacity Assessment. R. 94-96. Dr. Meyer opined Claimant would "likely have problems carrying out detailed instructions, maintaining sustained attention/concentration, and completing work tasks at a consistent pace," but "seems capable of working without excessive supervision or assistance and working with others, and . . . sustaining attention to complete simple, repetitive tasks for 2-hour segments over an 8 hour work day." R. 95. Along similar lines, Dr. Meyer opined Claimant "would have difficulty appropriately responding to changes in high-stress and fast-paced work environments," but "appears capable of completing [simple, repetitive tasks] in most settings and adapting to simple/gradual changes in the work environment." R. 96. Dr. Meyer also opined Claimant "seems capable of engaging in structured interactions with others but would perform best in work settings with minimal social demands." R. 95.

On February 21, 2013, Dr. Gross, a non-examining state agency consultant, completed a Mental Residual Functional Capacity Assessment. R. 490-91. Dr. Gross opined Claimant "is able to remember, understand and carry out at least simple, 1-2-3 step directions, procedures in a basic work routine but would have some difficulty with more detailed, complex responsibilities." R. 491. Dr. Gross opined Claimant can "maintain attention-concentration for periods of time necessary to maintain a work schedule requiring simple work routine and procedures and remain focused as needed." *Id*. Dr. Gross opined Claimant is "able to interact with co-workers and supervisors with little if any significant problems." *Id*. Finally, Dr. Gross opined Claimant "can adapt as needed and deal with change given the time and structure for new learning." *Id*.

At step two of the sequential evaluation process, the ALJ found Claimant suffers from

severe impairments of obesity and depression. R. 15. At step four of the sequential evaluation process, the ALJ found Claimant has a RFC to perform less than a full range of medium work as defined by 20 C.F.R. §§ 404.1567(c) and 416.967(c), with the following additional limitations:

> Complexity of tasks is reduced to simple one-to-five steps that can be performed independently after thirty days of training. There should be no more than occasional interactions with co-workers and supervisors, but none with the general public. The claimant must avoid work at heights, work with dangerous moving machinery, and dangerous tools.

R. 19. In reaching this RFC determination, the ALJ considered and assigned "great weight" to Dr. Austin's opinion, and "less weight" to Drs. Hamlin's, Meyer's and Gross' opinions. R. 22-23. Despite assigning less weight to the non-examining state agency consultants' opinions, the ALJ adopted the most restrictive opinions of Drs. Hamlin, Meyer and Gross into her RFC determination. R. 23.

Claimant maintains Dr. Gross' opinion that he be limited to "1-2-3 step directions" and be "given the time and structure for new learning" represent the most restrictive limitations with respect to task performance and adaptation to changes, and should have been included in the ALJ's RFC determination. Doc. No. 21 at 7-8. The ALJ has the ultimate responsibility for determining a claimant's RFC. 20 C.F.R. §§ 404.1546(c), 416.946(c). There is no requirement the ALJ include every limitation verbatim into her RFC determination simply because she stated she was adopting the most restrictive opinions in her RFC determination. *See* 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i) ("Administrative law judges are not bound by any findings made by State agency medical or psychological consultants[.]"). Thus, the ALJ committed no error by failing to include Dr. Gross' limitations verbatim in her RFC determination.

Further, the ALJ's RFC determination properly accounts for Dr. Gross' opinions concerning task performance and adaptation to changes. Dr. Gross opined Claimant would be

capable of performing "<u>at least</u> simple, 1-2-3 step directions" but would have "<u>some difficulty with more detailed, complex responsibilities.</u>" R. 491 (emphasis added). Claimant seemingly interprets this limitation as setting the maximum amount of 3 steps for tasks he can perform. *See* Doc. No. 21 at 7-8. However, Claimant's argument ignores the qualifying language contained in Dr. Gross' opinion. *Id*. This qualifying language is crucial since it indicates Claimant can perform, at the very minimum, simple 1-3 step tasks, but would have "some difficulty" with more detailed or complex responsibilities. Therefore, the ALJ's limitation to <u>simple</u> 1-5 step tasks is not inconsistent with Dr. Gross' opinion, nor any other medical opinions of record. *Compare* R. 19 *with* R 73, 95-96, 484, 491.

Dr. Gross also opined Claimant can adapt to change "given the time and structure for new learning." R. 491. Claimant simply argues the ALJ should have included this limitation in her RFC determination. *See* Doc. No. 21 at 8. As previously discussed, the ALJ was not required to include this limitation in her RFC determination verbatim. Further, the limitation is indefinite as it does not indicate the amount of time or type of structure necessary for Claimant to adapt to changes in the workplace. Therefore, the inclusion of the limitation verbatim would provide little, if any, assistance in determining whether Claimant can perform his past relevant work or other work in the national economy. Hence, the ALJ accounted for the limitation by limiting Claimant to performing 1-5 step tasks that can be done "independently after thirty days of training." R. 19. This limitation reasonably accounts for Dr. Gross' limitation, and is not inconsistent with any other medical opinions of record. *Compare* R. 19 *with* R 73, 95-96, 484, 491. For these reasons, the Court finds the ALJ properly accounted for Claimant's most restrictive mental limitations as opined by Drs. Hamlin, Meyer and Gross, and, consequently, finds her RFC determination is supported by substantial evidence.

### B. Step Five.

The VE testified Claimant can perform the following representative jobs despite the ALJ's RFC determination: hand packager; automobile detailer; and laundry laborer. R. 51-52. Claimant maintains the VE's testimony conflicts with the job descriptions found in the Dictionary of Occupational Titles (the "DOT"). Doc. No. 21 at 20-22. Specifically, Claimant maintains the job descriptions found in the DOT indicate that each of the above jobs require the performance of more than five (5) steps. *Id*. As a result, Claimant maintains the ALJ was obligated to independently determine whether he could, in fact, perform the jobs identified by the VE. *Id*. at 22 (citing Social Security Ruling 00-4p, 2000 WL 1898704). Claimant maintains the ALJ failed to reconcile the conflict between the VE's testimony and the DOT, and thus argues the ALJ's decision is not supported by substantial evidence.

At step five of the sequential evaluation process, the ALJ uses the claimant's RFC, age, education, and work experience to determine if other work is available in significant numbers in the national economy that the claimant can perform. *Phillips*, 357 F.3d at 1239. An ALJ may rely solely on the testimony of a VE in determining whether work is available in significant numbers in the national economy that a claimant is able to perform. *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999). If there is a conflict between the DOT and the jobs identified by a VE in response to the hypothetical question, the testimony of the VE "trumps" the DOT. *Id.* at 1229-30. Subsequent to *Jones*, the Social Security Administration issued Social Security Ruling 00-4p ("SSR 00-4p") to clarify the standards regarding the use of VEs and vocational specialists ("VS"), providing, in relevant part:

> Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable

> explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.
>
> Neither the DOT nor the VE or VS evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT information.

SSR 00-4p, 2000 WL 1898704, at *2. Following the promulgation of SSR 00-4p, a panel of the Eleventh Circuit in an unpublished opinion rejected the argument that SSR 00-4p modified *Jones*. *Miller v. Comm'r of Soc. Sec.*, 246 F. App'x 660, 662 (11th Cir. 2007) (per curiam). In *Miller*, the court held, "even assuming that an inconsistency existed between the testimony of the vocational expert and the DOT, the ALJ did not err when, without first resolving the alleged conflict, he relied on the testimony of the vocational expert." *Id.*[1] Thus, according to *Miller*, *Jones* remains binding precedent in this Circuit, notwithstanding the promulgation of SSR 00-4p. *Id*; *see also Jones v. Comm'r of Soc. Sec.*, 423 F. App'x 936, 939 (11th Cir. 2011) (per curiam).

At the hearing, the ALJ posed a hypothetical question to the VE consistent with her RFC determination. R. 51. In response, the VE testified Claimant would not be able to perform his past relevant work, but would be able to perform other jobs in the national economy, including the following representative jobs: hand packager; automobile detailer; and laundry laborer. R. 51-52; DICOT 920.587-018, 1991 WL 687916 (Hand Packager); DICOT 915.687-034, 1991 WL 687878 (Automobile Detailer); DICOT 361.687-018, 1991 WL 672992 (Laundry Laborer). In her decision, the ALJ found, pursuant to SSR 00-4p, the VE's testimony is consistent with the

---

[1] In the Eleventh Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

information contained in the DOT, and based on the VE's testimony found Claimant is capable of performing other jobs in the national economy that exist in significant numbers. R. 27-28.

Claimant maintains the description of each job identified by the VE requires the performance of more than five (5) steps. Doc. No. 21 at 20-22. For example, Claimant maintains the DOT's description for hand packager requires the performance of seventeen (17) steps, which he identified by inserting bold numbers into the DOT description:

> **[1]** Packages materials and products manually, performing any combination of following duties: **[2]** Cleans packaging containers. **[3]** Lines and pads crates and assembles cartons. **[4]** Obtains and sorts product. **[5]** Wraps protective material around product. **[6]** Starts, stops, and regulates speed of conveyor. **[7]** Inserts or pours product into containers or fills containers from spout or chute. **[8]** Weighs containers and adjusts quantity. **[9]** Nails, glues, or closes and seals containers. **[10]** Labels containers, container tags, or products. **[11]** Sorts bundles or filled containers. **[12]** Packs special arrangements or selections of product. **[13]** Inspects materials, products, and containers at each step of packaging process. **[14]** Records information, such as weight, time, and date packaged. **[15]** May stack, separate, count, pack, wrap, and **[16]** weigh bakery products and be designated Bakery Worker (bakery products). **[17]** May apply preservative to aircraft and spaceship parts, package parts for shipment, and be designated Wrapper and Preserver (aircraft mfg.).

*Id*. at 20.[2] Based on the foregoing interpretation and similar interpretations for automobile detailer and laundry laborer, Claimant argues the VE's testimony, which accounted for simple 1-5 step tasks, is inconsistent with the DOT's description for each job, and thus the ALJ was obligated to resolve the conflict pursuant to SSR 00-4p. *Id*. at 20-22 (citing SSR 00-4p, 2000 WL 1898704).

Claimant's argument hinges on the existence of a conflict between the VE's testimony and the DOT. However, Claimant has failed to demonstrate that such a conflict exists. Claimant

---

[2] The foregoing excerpt only represents a portion of the DOT's description for hand packager. The Court only included that portion of the DOT description contained in Claimant's brief. Doc. No. 21 at 20.

provides no authority in support of his interpretation of the DOT's description for hand packager, automobile detailer or laundry laborer.  *See Id*. at 19-22.  In *Brumm v. Colvin*, 2015 WL 4723622 (E.D.N.C. Aug. 10, 2015), the district court was faced with an identical argument.[3]  There, the claimant was limited, in relevant part, to performing "simple[,] routine repetitive tasks involving no more than one or two steps[.]"  *Id*. at *2.  The VE testified claimant could perform work as a hand packager and laundry worker.  *Id*. at *4.  The claimant argued the DOT description for hand packager requires an individual to perform at least thirty-two (32) steps.  *Id*.  The court found the claimant's argument "conflates the number of duties included in the description with the number of steps required for each duty[,]" and observed the "DOT does not specify how many steps are involved in the duties listed in the description."  *Id*.  Further, the court noted the DOT does not state a hand packager will be required to perform all of the tasks, only "any combination" of the tasks listed therein.  *Id*.  For these reasons, the court concluded claimant failed to demonstrate a conflict between the VE's testimony and the DOT.  *Id*. at *4-5.  The Court finds the reasoning in *Brumm* highly persuasive.

Here, as in *Brumm*, Claimant conflates the number of tasks identified in the DOT's description for hand packager, automobile detailer, and laundry laborer with the number of steps required to perform each task.  The ALJ limited Claimant to performing simple 1-5 step tasks, but did not limit the number of tasks associated with a given job.  R. 19.  As the *Brumm* court observed, the DOT does not specify how many steps are involved in the tasks listed in a given job description.  Thus, there is neither an actual nor apparent conflict between the VE's testimony and the DOT's description for hand packager, automobile detailer, and laundry laborer.  Further, as in *Brumm*, Claimant's argument mistakenly presumes that an individual will be required to perform

---

[3] The decision in *Brumm* was entered after the parties filed their joint brief.

all of the tasks identified in a given DOT description.  The DOT descriptions at issue involve the performance of "any combination" of tasks listed therein.  Therefore, even if the tasks identified in the DOT descriptions are construed as steps, an individual may still be capable of performing the jobs identified by the VE since any one of those jobs may only require the performance of five or fewer tasks.  *See Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995) (stating the DOT "provides only occupational information on jobs as they have been found to occur, but they may not coincide in every respect with the content of jobs as performed in particular establishments or at certain localities").  For these reasons, the Court finds Claimant's interpretation of the DOT descriptions for hand packager, automobile detailer, and laundry laborer unavailing, and thus finds he has failed to demonstrate a conflict between the VE's testimony and the DOT.

Claimant does not argue the VE's testimony conflicts with any other aspect of the DOT. *See* Doc. No. 21 at 19-22.  Nevertheless, the Court has considered whether Claimant's limitation to simple 1-5 step tasks conflicts with the reasoning levels for hand packager, automobile detailer, and laundry laborer set by the DOT.  The job of laundry laborer has a reasoning level of one. DICOT 361.687-018, 1991 WL 672992.  A reasoning level of one requires a "commonsense understanding to carry out simple one- or two-step instructions."  DICOT, App'x C, 1991 WL 688702.  The Court finds no conflict between Claimant's limitation to simple 1-5 step tasks and the reasoning required to perform the job of laundry laborer.  The jobs of hand packager and automobile detailer have a reasoning level of two.  DICOT 920.587-018, 1991 WL 687916; DICOT 915.687-034, 1991 WL 687878.  A reasoning level of two requires a "commonsense understanding to carry out detailed but uninvolved written or oral instructions."  DICOT, App'x C, 1991 WL 688702.  A majority of courts have concluded a reasoning level of two is consistent with the ability to perform simple tasks.  *See, e.g.*, *Vazquez v. Colvin*, 2015 WL 1395238, at *7

(S.D. Fla. Mar. 25, 2015) (collecting cases); *but see Akins v. Comm'r of Soc. Sec.*, Case No. 6:08-cv-1575-Orl-DAB, 2009 WL 2913538, at *5 (M.D. Fla. Sept. 10, 2009) (questioning whether a claimant limited to simple, repetitive tasks could perform jobs with reasoning levels of two or three). The Court finds the majority view persuasive, and thus concludes there is no conflict between Claimant's limitation to simple 1-5 step tasks and the reasoning required to perform the jobs of hand packager and automobile detailer. For all of these reason, the Court finds there is no conflict between the VE's testimony and the DOT, and thus there was no conflict for the ALJ to resolve.[4] Accordingly, the Court finds the ALJ's decision is supported by substantial evidence.

### III. CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and

2. The Clerk is directed to enter judgment in favor of the Commissioner and to close the case.

**DONE** and **ORDERED** in Orlando, Florida on February 12, 2016.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

---

[4] Even if the Court found a reasoning level of two is inconsistent with a limitation to simple 1-5 step tasks, the resulting conflict would not warrant reversal. First, the VE identified one job with a reasoning level of one – laundry laborer – which is consistent with a limitation to simple 1-5 step tasks. Second, the Eleventh Circuit has twice concluded, subsequent to the promulgation of SSR 00-4p, the ALJ is entitled to rely on the VE's testimony even when it conflicts with the DOT. *Miller*, 246 F. App'x at 662; *Jones*, 423 F. App'x at 939.

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Pamela Houston
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc.
3505 Lake Lynda Dr.
Suite 300
Orlando, FL 32817-9801